# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LUZ M. RABELL,

        Plaintiff,

v.                                                   Case No. 09-CV-137

CARGILL MEAT SOLUTIONS CORP.,

        Defendant.

_____

## ORDER

On February 10, 2009, pro se plaintiff Luz Rabell filed a complaint against defendant, Cargill Meat Solutions Corporation. Her complaint, construed liberally, alleges that her employment was terminated because of her gender, and because of her opposition to national origin discrimination in the workplace. Although the complaint does not specify the legal basis for Rabell's claim, the court considers her case to be brought pursuant to 42 U.S.C. § 2000e-2(a)(1) & e-3(a). Rabell now moves to proceed *in forma pauperis*.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court may not authorize a litigant to proceed *in forma pauperis* until it determines that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). If the court concludes that the litigant is unable to pay the costs of commencing the action, the court must then determine the action is neither frivolous nor malicious, does not fail to state a claim upon which relief may

be granted, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

After reviewing her affidavit in support, the court finds that Rabell has not demonstrated that she is unable to pay the costs of commencing this action. Rabell, a single woman with no minor children, indicates that she owns her residence as well as two vehicles. She also indicates that she has monthly income of $1,420, and monthly expenses of $2,400. No indication is given as to how she manages to cover this monthly $1,000 deficit. More perplexing is the actual breakdown of her expenses. She states that her monthly expenses are: $425 for mortgage, $425 for car payment (though she owns two vehicles), $400 for water, $500 for gas/electric, and $650 for food. The court has no idea what to make of these figures. Plaintiff is claiming that she cannot pay the $350 filing fee, yet she can afford to own two cars, though she is only one individual. In regards to the utility and food expenses, the amounts given are so absurdly high as to make the court question whether plaintiff perhaps misread the IFP affidavit form. What is clear is that Rabell has not established that she is unable to pay the $350 filing fee "and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Therefore, the court is obliged to deny Rabell's motion to proceed *in forma pauperis*. However, given the irregularities in the IFP affidavit, the court recognizes that perhaps there was a misunderstanding when plaintiff completed the form. Thus, the court will deny plaintiff's IFP motion without prejudice

-2-

Case 2:09-cv-00137-JPS   Filed 04/30/09   Page 2 of 3   Document 3

so that plaintiff can resubmit an accurate IFP affidavit. If plaintiff chooses to re-file her IFP motion with an amended IFP affidavit, the court recognizes that such an amended affidavit would likely conflict with the affidavit now before the court, thus, the court would advise that plaintiff provide supporting documentation for any figures provided in an amended affidavit, as well as explanation as to any differences between the instant affidavit and any amended IFP affidavit. If plaintiff chooses not to re-file her IFP motion, she is free to pay the filing fee, and the clerk of the court will file her complaint.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge